TRISH M. HIGGINS (STATE BAR NO. 119215)
thiggins@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone:   (916) 447-9200
Facsimile:    (916) 329-4900

SITTHIKIT CHARIYASATIT (STATE BAR NO. 252028)
schariyasatit@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
Telephone:   (650) 614-7400
Facsimile:    (650) 614-7401

Attorneys for Defendant
MORGAN STANLEY SMITH BARNEY LLC

PETER SEAN BRADLEY, ESQ. (STATE BAR NO. 109258)
PENNER, BRADLEY & SIMONIAN
1171 West Shaw Avenue, Suite 102
Fresno, CA 93711
Telephone:   (559) 221-2100
Facsimile:    (559) 221-2101

Attorney for Plaintiff
CLARENCE REITH PATTERSON, JR.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| CLARENCE REITH PATTERSON, JR., | Case No. 1:10-cv-02084-LJO-SMS |
| Plaintiff, | **STIPULATION AND ORDER RE: USE OF PRIVATE AND CONFIDENTIAL INFORMATION** |
| v. | |
| Morgan Stanley Smith Barney, LLC and Does 1 through 10, inclusive, | |
| Defendants. | |

Plaintiff Clarence Reith Patterson, Jr. and Defendant Morgan Stanley Smith Barney, LLC (collectively the "Stipulating Parties"), through their respective counsel of record, stipulate as follows:

1. The preparation and trial of this action may require the discovery or disclosure of documents, information or other material claimed by one or more of the parties to this action or others to be confidential.

2. In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and serve the ends of justice, a protective order for such information is prudent and necessary.

3. Any Stipulating Party may designate as "Confidential" any documents or other information that contains "Confidential Information," as that term is defined in Paragraph 4 below, that a Stipulating Party has kept secret or confidential and which, if disclosed, could place a Stipulating Party at a competitive disadvantage in the marketplace or cause disclosure of information protected by the right to privacy.  Documents, depositions, and interrogatory responses or other papers shall be designated confidential by stamping the word "Confidential" on each page of the document containing confidential information or by a Stipulating Party advising the other Stipulating Party in writing that such documents are deemed to be confidential.

4. "Confidential Information" includes documents or other information constituting trade secrets, proprietary or other confidential commercial information that belongs to a Stipulating Party and which if disclosed could place the Stipulating Party at a competitive disadvantage in the marketplace or cause disclosure of information protected by the right to privacy, including the following specific categories of documents:  (1) documents that reveal confidential employee information such as name, address, telephone number, or other personal information; (2) documents that reveal financial or other commercial terms of private agreements not available to the public; (3) and documents that reveal confidential financial or commercial information regarding a Stipulating Party's business that is not available to the public or a

Stipulating Party's competitors, and which if disclosed could place a Stipulating Party at a competitive disadvantage in the marketplace or cause disclosure of information protected by the right to privacy. Execution of this protective order shall not waive any right otherwise available to the Stipulating Parties to object to the production of any such requested information on privacy, trade secret, confidentiality, attorney-client privilege, attorney work product, relevancy or other grounds when the parties deem such an objection to be necessary or appropriate.

5.  Neither the provisions of this Stipulated Protective Order, nor any designation or failure to designate any particular information, document or material by a party as Confidential Information shall, in this litigation or any other litigation, constitute a waiver of the rights of a party to assert confidentiality with respect to any document, material or information meeting the definition of Confidential Information in Paragraph 4 above. Upon discovery of an inadvertent or otherwise non-designation, the discovering party will immediately notify the opposing party and the information, document or material identified will be henceforth treated as if it had been originally designated as Confidential Information and will be subject to the terms of this Stipulated Protective Order.

6.  All Confidential Information provided by the parties pursuant to discovery or otherwise obtained in the course of this litigation shall be treated as confidential and shall not be disseminated to any person not directly connected with this specific litigation. Specifically, all Confidential Information listed in Paragraph 4 that is obtained through discovery or otherwise from the parties in this case shall not be disclosed to anyone other than:

(a)  retained and corporate attorneys for any Stipulating Party who are engaged in litigating this action and the employees of such attorneys;

(b)  persons not employees of any Stipulating Party who serve as experts or consultants ("outside experts") to assist such Stipulating Party's counsel in the preparation of this action for trial, including, but not limited to auditors, accountants, statisticians, economists, attorneys and other experts, and the employees of such persons;

(c)  a Stipulating Party, or principals, officers, employees, agents or

representatives of any Stipulating Party, whose assistance or consultation is required by counsel in connection with the prosecution or defense of this action;

    (d) potential witnesses in connection with this litigation;

    (e) any mediator hired by the parties to assist in resolving this case.

 7. No person shall make any disclosure of Confidential Information to any person falling within categories (b), (c) or (d) in Paragraph 6 without first obtaining from any such person a signed statement in the form attached hereto as "Exhibit A". Either party may request of the other a copy (if any) of said signed statement(s) to counsel. The other party must promptly comply with such a request by providing copies of the signed statement(s) by facsimile or email or other appropriate means, and in no event beyond five (5) business days of such a request. If a party objects to the disclosure of information to a particular person, the Stipulating Party objecting to such disclosure shall have five (5) days to seek a protective order from the Court barring such disclosure and no such disclosure shall be made until further order of the Court.

 8. No disclosure of Confidential Information shall be made except in accordance with this Stipulation and Protective Order, and no use shall be made of any Confidential Information except in accordance with this Stipulation and Protective Order.

 9. This order shall in no way impair the right of any party to raise or assert a defense or objection, including but not limited to defenses or objections to the production of documents or information and to the use, relevancy or admissibility at the trial of this litigation of any evidence, whether or not comprised of documents or information governed by this order.

 10. All attempts to use any Confidential Material in connection with any pleading, motion or as evidence shall be governed by the procedures set forth in Local Civil Rule 39-141. The Court's refusal to order certain documents sealed does not impact or abrogate any party's designation of those documents as Confidential Information.

 11. Nothing in this order shall preclude any party from using Confidential Information at the trial of this litigation; provided, however, that prior to using such material the

party offering it advises the Court and all other parties so that steps can be taken to ensure the preservation of the confidential nature of the information to be used, if deemed necessary and appropriate by the Court.

12. Should any Stipulating Party object to the Confidential treatment of any information designated Confidential under the terms hereof, such Stipulating Party shall, after meeting and conferring in good faith with the designating party, move the Court for an order releasing the material from the designation as Confidential.

13. Nothing contained herein shall restrict in any way the rights of any Stipulating Party producing Confidential Information to release that information or otherwise make it non-Confidential.

14. Upon conclusion of the litigation, a party in the possession of original or copies of Confidential Information of another party, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party to whom the information belongs, or (b) destroy such documents within that time period, and certify in writing within thirty (30) days that the documents have been destroyed.  All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered.  Notes, summaries and other documents protected by the work product doctrine shall remain subject to this Stipulation and Protective Order.

- 5 -

15. This Stipulation and Protective Order shall not limit the right of any party to apply for further protective orders as modifications or extensions of this order, and shall not restrict the use by any party of its own information.

16. Once protections in this Stipulation and Protective Order have attached to a document, statement or item of information hereafter communicated, such protections shall not be reduced or waived by further communicating, restating, summarizing, discussing or referring to any such documents, statements or information.

///

///

///

      17.    The Court and its personnel shall not be bound by the terms of this Protective Order.

Dated: September 19, 2011        TRISH M. HIGGINS
　　　　　　　　　　　　　　　　　　　　　SITTHIKIT CHARIYASATIT
　　　　　　　　　　　　　　　　　　　　　ORRICK, HERRINGTON & SUTCLIFFE LLP

　　　　　　　　　　　　　　　　　　　　　/s/ Sitthikit Chariyasatit
　　　　　　　　　　　　　　　　　　　　　SITTHIKIT CHARIYASATIT
　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　MORGAN STANLEY SMITH BARNEY LLC


Dated: September 19, 2011        PETER SEAN BRADLEY
　　　　　　　　　　　　　　　　　　　　　PENNER, BRADLEY & SIMONIAN

　　　　　　　　　　　　　　　　　　　　　/s/ Peter Sean Bradley
　　　　　　　　　　　　　　　　　　　　　PETER SEAN BRADLEY
　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　　　　CLARENCE REITH PATTERSON, JR.

- 6 -

# **EXHIBIT A**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| CLARENCE REITH PATTERSON, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Morgan Stanley Smith Barney, LLC<br>and Does 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 1:10-cv-02084-LJO-SMS<br><br>**CERTIFICATION RE: USE OF PRIVATE AND CONFIDENTIAL INFORMATION** |

　　　　I, _____, declare under penalty of perjury under the laws of the United States that I have read in its entirety and understand the attached Protective Order re: Private and Confidential Information (the "Protective Order") in the matter of *Patterson v. Morgan Stanley Smith Barney, LLC,* United States District Court, Eastern District of California, Case No. 1:10-cv-02084-LJO-SMS.  I hereby agree to fully comply with the terms and conditions thereof.  I also hereby consent to be subject to the jurisdiction of the above-captioned court with respect to any proceedings relating to enforcement of the Protective Order.

　　　　Executed this \_\_\_\_ day of _____ 201\_\_, at _____.

_____
(Signature)

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |

**ORDER**

PURSUANT TO STIPULATION,

IT IS SO ORDERED.

Dated:   September 22, 2011             /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE